The East Tennessee, Virginia and Georgia Railway Company *v.* Matthews & Griffin.

In a suit against a railroad company for earth used in filling its trestle, it appeared that the plaintiffs contracted with the company to do the filling, and were to be paid by the cubic yard; that they were paid for all the earth they furnished and the work they did; and that this suit was brought to recover for the space occupied by a brick culvert which passed under the trestle, plaintiffs contending that the meaning of the contract was that they were " to have solid measure." *Held*, that a verdict for the plaintiffs was contrary to law and evidence.

May 7, 1890

Contracts. Actions. Verdict. Before Judge Maddox. Paulding superior court. August term, 1889.

Reported in the decision.

Bacon & Rutherford, W. K. Fielder and Dorsey & Howell, for plaintiff in error.

Roberts & McGregor, by brief, *contra.*

Blandford, Justice.

This was action brought in a justice court by defendants in error against the plaintiffs in error upon an account as follows :

"The East Tennessee, Virginia & Georgia Railway Company, to Matthews & Griffin dr.

" To 402 yards of dirt on trestle No. 319 at 18c. per yard, $72.36."

Matthews, one of the plaintiffs in the court below, was introduced as a witness and testified, in substance, that they contracted with the railroad company to fill the Dallas trestle; that they filled it, and that this suit was to recover for space occupied by the brick culvert which passes under the trestle ; that the company paid for all the work plaintiffs did, except the space occupied by the culvert; that the contract was that they were to have solid measure. The contract is in writing. It was closed by letter. There were some writings intro-

duced in evidence, one a letter to D. W. Lum, civil engineer, Knoxville, Tenn., signed by Matthews and Griffin, and dated April 19th, 1887, to this effect:

"I would like very much to see you in regard to getting to fill up first trestle north of Dallas, as I want to make you a bid and close the contract at once."

Another letter addressed to Mr. Lum, dated April 22d, signed by Thos. Griffin:

"I have examined the Dallas trestle. I don't see any chance to fill it at 20 cts. I would have to buy the dirt; there is not half enough on the right of way to fill it, near enough to haul. I do not see much chance to do it for less than 40 cts. per yard. I would like to see you if you are going to be here soon."

Another letter was introduced, dated at Dallas, Ga., April 26th, which is signed by B. A. Fite, agent, to the effect that he wrote at the instance of Mr. Griffin & Co.; that they found it impossible to fill the trestle at Dallas for 20 cents per cubic yard; "they are anxious for you to come and see them and look at trestle, dirt, etc., as they want the contract."

Another letter addressed to D. W. Lum, Esq., April 29th:

"I will take the Dallas trestle at twenty-two cents per cubic yard under following stipulations, to-wit: The road to furnish as many tram-cars as necessary to remove the dirt. I will also want use of main track some of time, though I will protect myself with red flags. I will want transportation for men on the E. T., Va. & Ga. R. R. I also want solid measure and full estimation every thirty days. If you accept this offer, please fill out contract and forward at once.

Yours truly, [Signed]    B. F. MATTHEWS & Co".

"Answered it was too high.'          D. W. L."

Another letter:

"Yours of the third inst. received. I will accept your offer of twenty cents per cubic yard, and you furnishing tram-cars, ties, rails, etc. on the Dallas trestle. I want solid measure and full estimates every thirty

days, and transportation to and from Atlanta. Please sign and send contract at once. We are ready to go to work as soon as material is furnished.

Yours truly, [Signed]    B. F. MATTHEWS & Co."

A letter dated Atlanta, Ga., May 2d, 1887:

" B. A. Fite : Please say to Mr. Griffin that the company will pay 20 cents per cubic yard for filling Dallas trestle. That is one of the best on the line fill.

D. W. LUM, Assist. Eng."

A telegram addressed to D. W. Lum, as follows :

"I will accept your offer at eighteen cents per cubic yard on the Dallas trestle.    B. F. MATTHEWS & Co."

Another letter from Dallas, Ga., 5/7, 1887:

"D. W. Lum :

" Dear Sir,—I accepted your offer of the 5/5 by wire yesterday, of the Dallas trestle. Please arrange as soon as you can so that we can get tram-cars, rails and ties, and have the trestle staked, for I am ready to go to work. I have bought my tools. And also send contract.

Yours with respect,    B. F. MATTHEWS & Co "

A letter dated May 10th, '87 :

"B. F. Matthews & Co., Dallas, Ga.:

" Gentlemen,—Your proposal to fill Dallas trestle for eighteen cents per cubic yard is hereby accepted. The company will loan you old rails and ties and two dump cars and you furnish borrow pits that may be necessary outside of right of way. You to have free use of any earth on right of way. Estimates to be made monthly, deducting 10% of amount done until completion of work. Work to be started within ten days from this date. Yours truly,          [Signed]      D. W. L."

Under this evidence, the jury found a verdict in favor of the plaintiffs. The defendant moved for a new trial, which the court refused. This refusal is alleged by the defendant to be error, and this court agrees with the defendant. The case has not a leg to stand upon. It shows affirmatively that it should have been nonsuited at the close of the plaintiffs' evidence. They sued to collect something for work which they never did, and under a written contract which showed conclusively that they

were to be paid by the cubic yard. This contract they admit to be true, and do not state that any other contract was ever entered into between them and the plaintiff in error. The verdict was wholly without foundation either in law or in fact, and should have been set aside, and a new trial granted.

*Judgment reversed.*